

January 16, 2024

**Matthew L. Elkin**
Direct Phone    212-453-3786
Direct Fax 917-521-5869
melkin@cozen.com

**VIA ECF**

Hon. Ona T. Wang, U.S.M.J.
U.S. District Court, Southern District of New York
Daniel Patrick Moynihan
United States Courthouse
500 Pearl St.
New York, NY 10007-1312

**MEMO ENDORSED.**

Re:   *Silva, et al. v. Mpower Energy, LLC, et al.,*
      Case No. 1:23-cv-9849-JGLC-OTW

Dear Judge Wang:

This firm represents defendants, Mpower Energy LLC ("Mpower") and Mpower Energy NJ LLC ("Mpower NJ") (collectively "Defendants") in the above-captioned action. Defendants submit this letter in opposition to Plaintiffs' January 12, 2024 letter motion to enforce the Court's Initial Case Management Conference Order (ECF No. 22). Defendants respectfully request that the Court deny the relief sought by Plaintiffs and instead stay discovery pending resolution of Defendants' forthcoming motion to dismiss in favor of arbitration, because good cause exists to impose a stay.

By way of brief background, this is the second putative class action brought by Plaintiffs' counsel against Mpower NJ alleging, *inter alia*, breach of contract by Mpower NJ and violations of state consumer protection statutes. Plaintiffs' counsel also represents two individual plaintiffs and a putative class in a concurrent action in United States District Court for the District of New Jersey, originally filed in New Jersey State Court in April of 2023. *See generally Rhymes, et al. v. Mpower Energy NJ, LLC*, Case No.: 2:23-cv-02556-BRM-ESK. At present, the court has ordered the parties to engage in "Limited Discovery" in the D.N.J. action following briefing on defendant's motions to dismiss and to compel arbitration. Though the parties dispute whether the contract between them contains an enforceable mandatory arbitration provision, given the dispositive nature of that dispute, the court ordered the parties to engage in only "Limited Discovery": "[d]iscovery will, therefore, be stayed except for discovery limited to the issue of notice to [plaintiff] of the mandatory arbitration agreement and class action waiver clause and the enforceability of same (Limited Discovery)." Letter Order by Hon. Edward S. Kiel, U.S.M.J., ECF No. 60 at 5.

Given the current status of Limited Discovery in the D.N.J. action, and Defendants' explicit reservation of rights during an initial meet and confer regarding scheduling in this action, Plaintiffs should hardly be surprised that during the January 11, 2024 Rule 26(f) conference Defendants advised that we would be moving to stay discovery and objected to entering into the Court's Proposed Case Management Plan pending resolution of that motion. Defendants understood that the parties would raise this dispute to the Court via a joint letter early this week (*see* Initial Case Management Conference Order (ECF 14), at 2), but Plaintiffs instead filed their letter motion on January 12, 2024. Defendants now oppose Plaintiffs' motion and instead seek a stay of discovery.

Hon. Ona T. Wang, U.S.M.J.
January 16, 2024
Page 2

_____

Under Federal Rule of Civil Procedure 26(c), a district court may stay discovery "for good cause shown." Fed. R. Civ. P. 26(c). "Factors relevant to a court's determination of 'good cause' include: the pendency of dispositive motions, potential prejudice to the party opposing the stay, the breadth of discovery sought, and the burden that would be imposed on the parties responding to the proposed discovery." *Ellington Credit Fund, Ltd. v. Select Portfolio Services, Inc.*, No. 08 Civ. 2437, 2009 WL 274483, at *1 (S.D.N.Y. Feb. 3, 2009). However, as this court has explained: "These factors arguably should be evaluated differently where a motion to compel arbitration is involved rather than a motion to dismiss." *Ahmad v. Day*, 2021 U.S. Dist. LEXIS 32401, at *2-3 (S.D.N.Y. Feb. 22, 2021).[1]

> When a dispositive motion would remove the litigation to another forum, good cause may require a stay. *See Transunion Corp. v. PepsiCo, Inc.*, 811 F.2d 127, 130 (2d Cir. 1987) (upholding trial court's decision to stay discovery pending decision on *forum non conveniens* motion, because permitting discovery would defeat the purpose of the motion). Motivated by this same concern, courts in this Circuit have stayed discovery pending the resolution of a motion to compel arbitration without even investigating the three-part test cited above … . Citing … concern for judicial economy, many other courts have followed suit, one going so far as to observe that "the general practice of district courts," is to impose "a stay of discovery … while the motion to compel arbitration [i]s pending." *Intertec Contr. A/S v. Turner Steiner Int'l, S.A.*, No. 98 CIV. 9116 (CSH), 2001 WL 812224, at *7 (S.D.N.Y. July 18, 2001).

*Ahmad*, 2021 U.S. Dist. LEXIS 32401, at *2-3. *See, e.g., Ross v. Bank of America, N.A. (USA)*, 2006 WL 36909, at *1 (S.D.N.Y. Jan. 6, 2006) (granting a stay of discovery merely because there were "threshold issues concerning arbitration"); *Josie-Delerme v. Amer. Gen. Fin. Corp.*, No. 08-cv-3166, 2009 WL 497609, at *2 (E.D.N.Y. Feb. 26, 2009) (granting request to stay discovery while motion to dismiss and compel arbitration was pending). "In other words, there is a strong case to be made that a motion to stay discovery pending a motion to compel arbitration — unlike a motion to stay discovery pending a motion to dismiss — should be granted absent compelling reasons to deny it." *Ahmad*, 2021 U.S. Dist. LEXIS 32401, at *2-3. Even where a motion to dismiss is noted as *forthcoming*, a stay of discovery is appropriate where good cause is shown. *See Nicosia v. Amazon.com, Inc.*, 834 F.3d 220, 227 (2d Cir. 2016) (explaining that "[t]he district court stayed discovery pending resolution of Amazon's anticipated motion to dismiss[,]" and noting the district court's denial of plaintiff's request for reconsideration).

Here, good cause exists for the Court to impose a discovery stay because Defendants' motion to dismiss and to compel arbitration is forthcoming on January 29, 2024 (ECF 19). As a result, Defendants' motion will be dispositive of whether Plaintiffs are bound by the respective mandatory arbitration agreements and class action waivers in their contracts. Defendants' motion will further dictate whether the action must be removed to another forum — an individual arbitration. While there will be no prejudice to Plaintiffs, Defendants will be prejudiced if a stay is not granted because they would otherwise be required to conduct merits discovery in this action in circumvention of the Limited Discovery order in the D.N.J. action. A stay would further serve the interests of judicial economy. By allowing the parties to complete Limited Discovery in the D.N.J. action, the need for this Court to resolve discovery disputes that can be first resolved in the D.N.J.

_____

[1] Defendants are aware of the Court's preference for Westlaw citations, but we do not believe this case has been reported by Westlaw. We will promptly make a copy available to the Court upon request.

Hon. Ona T. Wang, U.S.M.J.
January 16, 2024
Page 3

_____

action could be avoided, thus eliminating the risk of the parties and this Court needlessly expending judicial resources resolving an issue that has already been resolved in the first forum.

For all the foregoing reasons, Defendants respectfully request that this Court deny the relief sought by Plaintiffs, schedule a pre-motion conference regarding Defendants' motion for a stay of discovery, and/or grant a stay of discovery pending the resolution of Defendants' forthcoming motion to dismiss and compel arbitration.

Respectfully,

COZEN O'CONNOR

By:    Matthew L. Elkin

Application **DENIED without prejudice to renewal.** The Court will address these issues at the Initial Case Management Conference on January 31, 2024. The Clerk of Court is respectfully directed to close ECF 22.

**SO ORDERED.**

_____
Ona T. Wang          1/17/24
U.S.M.J.