**FBFG** | Finkelstein, Blankinship,
Frei-Pearson & Garber, LLP

One North Broadway, Suite 900
WHITE PLAINS, NY 10601
Phone: (914) 298-3281
Fax: (845) 562-3492
www.fbfglaw.com

May 28, 2024



MEMO ENDORSED.

<u>Via ECF</u>
Honorable Ona T. Wang
United States District Court
Southern District of New York
500 Pearl Street
New York, NY 100087-1312

Re:   <u>Silva et al. v. Mpower Energy et al.</u>, No. 23-9849-JGLC-OTW

Dear Judge Wang,

On behalf of Plaintiffs and the proposed Class, we write pursuant to Your Honor's Individual Rule II.b and Local Rule 37.2 to raise three discovery disputes. The parties have conferred extensively regarding these disputes, including via letters, email, and teleconferences on May 20 and 23, 2024.

I.   **Mpower Must Timely Disclose The Identities And Declarations Of The Persons It May Use To Support Its Arbitration Motion.**   — DENIED/OTW

Defendants Mpower Energy, LLC and Mpower Energy NJ LLC (collectively, "Defendants" or "Mpower") bear the burden to show that Plaintiffs agreed to arbitrate, and it is likely that Mpower will submit witness declarations or testimony to support this required showing. Plaintiffs would naturally like to know the identities of those witnesses with sufficient time to depose them before arbitration discovery ends on June 28. Prior to those depositions, Plaintiffs should also be given any declarations Mpower may use, so Plaintiffs can tailor their deposition questioning accordingly.

But, in an obvious strategic ploy, Defendants refuse to timely identify any such witnesses during this "Limited Discovery" period that ends in a month, other than the two door-to-door sales agents whom Defendants claim sold Mpower to Plaintiffs. See Ex. A ¶¶ 11, 13.

It is a violation of Rule 26's disclosure requirements to strategically withhold the identities of any potential or intended witnesses. *See* Fed. R. Civ. P. 26(a)(1)(A)(i) (requiring disclosure of the identity of "each individual . . . that the disclosing party may use to support its claims or defenses"); *Pal v. N.Y. Univ.*, No. 06-5892, 2008 U.S. Dist. LEXIS 50902, at *9 (S.D.N.Y. June 30, 2008) (precluding witness testimony and holding that the "purpose of [witness] disclosure is to alert an opposing party of the need to take discovery of the named witness. [The defendant's] late disclosure of the four witnesses here simply did not provide [the plaintiff] with fair warning of the need to take discovery from them."). Plaintiffs, and their right to depose Defendants' potential or intended witnesses, are prejudiced by Defendants' tactics. *See Lebada v. N.Y.C. Dep't of Educ.*, No. 14-0758, 2016 U.S. Dist. LEXIS 18461, at *20 (S.D.N.Y. Feb. 8, 2016) (not disclosing the identity of witnesses prejudices the opposing party and their rights, including their right to depose those witnesses). There is of course no prejudice to Defendants in having to identify their witnesses.

Defendants have also objected to Plaintiffs' reasonable request for production of "[a]ll declarations, affidavits, or witness statements [Mpower] intend[s] on submitting, proffering, or relying upon in connection with 'any omnibus dispositive motion.'" See Ex. A ¶ 17. This refusal similarly prejudices Plaintiffs and their ability to effectively gather evidence. *See Irish v. Tropical Emerald LLC*, No. 18-0082, 2021 U.S. Dist. LEXIS 87946, at *12-13 (E.D.N.Y. May 6, 2021) (defendants could not withhold discovery in a manner that would leave the plaintiffs uncertain about their factual theory of the case until after the close of discovery).

Plaintiffs respectfully request that the Court compel Defendants to (1) identify, in interrogatory responses or other written communication, all persons whose statements or testimony they may use to support their arbitration motion, and (2) produce any declarations or witness statements they will submit in connection with the omnibus dispositive motion, by no later than June 7, 2024. Otherwise, if Defendants reveal new witnesses and declarations after or at the end of Limited Discovery, Plaintiffs will have to move to extend the arbitration briefing schedule so they can take discovery and/or request an extension of the Limited Discovery deadline. Plaintiffs would like to avoid both possibilities and instead crystallize the parties' arbitration dispute as efficiently as possible so they can move on to prosecuting the merits of this consumer class action.

## II. Defendants Must Produce Any Additional Documents by June 7. — DENIED AS MOOT. See ECF 42. /OTW

Plaintiffs issued discovery on April 8, 2024. Defendants produced discovery for both Plaintiffs on May 8. During the parties' May 20 meet and confer, Plaintiffs' counsel repeatedly asked defense counsel to simply state whether other productions were forthcoming and if so when. Defense counsel refused to make this simple disclosure, nor would they commit to any date certain for a future production, saying only that their investigation was continuing. Defendants have known for weeks (if not months) what discovery Plaintiffs are seeking and what documents they will use to support their arbitration defense. After all, these are simple issues. Defendants claim the parties entered into binding arbitration agreements; ostensibly Defendants are basing their claim on evidence they have in their possession. The facts here are also basically the same as in the New Jersey action for which Limited Discovery began in 2023 and is now complete. If Mpower needed extra time to search for additional documents after its May 8 production, the three weeks that have now passed should have been more than sufficient.

Plaintiffs respectfully request that the Court order Mpower to finish its document production by June 7, 2024. This will allow sufficient time to prepare for the upcoming depositions. It is also possible that a further production may raise issues that will need to be addressed to the Court in the parties' June 12 status letter. *See Gucci Am., Inc. v. Costco Wholesale Corp.*, No. 02-3190, 2003 U.S. Dist. LEXIS 7520, at *5-6 (S.D.N.Y. May 5, 2003) (waiting until the end of discovery to conduct a thorough search was prejudicial). Defendants will not be prejudiced by being required to complete document production two months after receiving discovery demands. Again, the discovery here is essentially the same as what has already occurred for the New Jersey Plaintiffs.

## III. Plaintiff Burke-Hamilton Should Not Be Required To Travel To Defense Counsel's Manhattan Offices For His Deposition. — DENIED as MOOT. See ECF 42. /OTW

The parties are at impasse over the location of Plaintiff Burke-Hamilton's Limited Discovery

deposition. Both Mr. Burke-Hamilton and the lead defense attorney—the lawyer that took the two prior Plaintiff depositions in this case—live in Washington, D.C. Nevertheless, Mpower insists on holding the deposition in New York. Alternatively, to avoid missing additional days at work, Plaintiff is willing to be deposed via remote video conference—just like the other two Plaintiff depositions that have already occurred. Defendants refuse that as well, insisting that because Plaintiff sued in the S.D.N.Y., he must travel here to be deposed. The law is clear that "[t]here is no absolute rule as to the location of the deposition of a nonresident plaintiff as courts must strive to achieve a balance between claims of prejudice and those of hardship." *Est. of Gerasimenko v. Cape Wind Trading Co.*, 272 F.R.D. 385, 387 (S.D.N.Y. 2011) (cleaned up). Here, the hardship on Plaintiff clearly outweighs the non-existent prejudice to Mpower.

First, Plaintiff will suffer unnecessary hardship if required to travel to New York. Plaintiff runs a solo therapy practice where he counsels approximately 46 clients per week. Traveling to New York will require Plaintiff to cancel roughly three times as many client sessions than if he were deposed in Washington D.C. or remotely. These additional, unnecessary cancellations will cause Plaintiff to lose income and will disrupt his clients' schedules. Additionally, Plaintiff's travel time (3 hours one-way on an Acela, and even then, not door-to-door) will well exceed the length of the deposition. The two prior plaintiff depositions each lasted under two hours in real time (and were even shorter on-the-record). This is unsurprising as Limited Discovery addresses only "the issue of notice of a mandatory arbitration agreement and class action waiver clause and the enforceability of same." *See, e.g.*, ECF No. 32 at 1–2. Additionally, the cost of being deposed in New York will easily surpass Plaintiff's claimed damages in this consumer protection class action.

Second, Defendants will suffer *no* prejudice under Plaintiffs' proposal. Mpower's lead counsel, Charles Zdebski—the attorney who has taken all Plaintiff depositions conducted thus far—is based in Washington D.C. Mpower's initial position was simply to claim (contrary to law) that Mr. Burke-Hamilton is *per se* required to travel to New York because he filed suit in S.D.N.Y.[1] Then, *after* a meet and confer, Mpower changed tack and started claiming that its "client representative" is in New York. No client representative attended the prior two Plaintiff depositions, which were both taken remotely. Mpower also made the cryptic claim that "counsel who will be taking the deposition" will be in New York but carefully avoided disclosing whether Mr. Zdebski would be taking the deposition. Defendant's proffered concerns are not serious. And even if they were, proceeding via remote deposition would aptly address those concerns.

Even before the pandemic, "holding a deposition by videoconference [wa]s frequently a preferred solution to mitigate the burden of a deposition location inconvenient to one or both sides." *Alpha Cap. Anstalt v. Real Goods Solar, Inc.*, 323 F.R.D. 177, 179 (S.D.N.Y. 2017). Indeed, two remote Plaintiff depositions have already occurred in this case. Given the lack of prejudice to Mpower and considering Plaintiffs' offer to make Mr. Burke-Hamilton available *in-person* in Washington D.C., where lead defense counsel is located, there is simply no reason to make Mr. Burke-Hamilton shoulder the expense of unnecessarily cancelling client sessions and traveling from Washington D.C. to New York and back for a two-hour deposition. Plaintiffs respectfully request that the Court direct Defendants to take Mr. Burke-Hamilton's deposition in D.C. or remotely.

---

[1] Mpower conveniently ignores the fact that this is a multistate class action with plaintiffs located in multiple states, and that the parties agreed to proceed in this forum because of Brooklyn-based Defendant MPower Energy, LLC's refusal to waive a potential personal jurisdiction defense. *See* ECF No. 32 at 1.

**Honorable Ona T. Wang**                                                                 Page 4 of 4

We thank Your Honor for your continued attention to this matter.

Dated: May 28, 2024                                           Respectfully submitted,

                                             By:   */s/ D. Greg Blankinship*
                                                      D. Greg Blankinship
                                                      Erin Kelley
                                                      **FINKELSTEIN, BLANKINSHIP,**
                                                      **FREI-PEARSON & GARBER, LLP**
                                                      One North Broadway, Suite 900
                                                      White Plains, New York 10601
                                                      Tel: (914) 298-3281
                                                      Fax: (914) 824-1561
                                                      gblankinship@fbfglaw.com
                                                      ekelley@fbfglaw.com

                                                      *Counsel for Plaintiffs and the Proposed Class*

cc: All Counsel of Records (via ECF)

*[Handwritten:]* Rulings made on pp 1, 2. So Ordered.

*[Signature]*

June 12, 2024